IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 5:15cv64-RH/GRJ

ESTATE OF GRACE E. ROWLANDS,
etc.,

      Defendant.

_____/

## JUDGMENT OF FORECLOSURE

The plaintiff United States of America ("the government") has moved for summary judgment foreclosing a mortgage it holds. The mortgage encumbers property that was owned by a woman who died intestate. A guardian and attorney ad litem has reported that the property would pass to the decedent's son, Thomas Rowlands, Jr., who has said he does not wish to contest or participate in the foreclosure, because the debt substantially exceeds the property's value. The government has reported that Mr. Rowlands has vacated the property.

In sum, the government's summary-judgment motion is unopposed, and the record establishes without dispute that the government is entitled to judgment foreclosing its mortgage.

The uncontested statement of account sets out the amounts due as of September 10, 2014 (all carried forward without change into the calculation set out below) and indicates that the per diem interest going forward from that date is $12.60.  Through December 23, 2015, the additional interest is $5,909.40 (469 days at $12.60).  The government thus is entitled to recover these amounts as of that date:

| | |
|---|---:|
| Principal | $144,517.32 |
| Interest to 9/10/2014 | 21,502.01 |
| Service charge | 2,160.00 |
| MIP | 8,039.27 |
| Additional interest to 12/22/15 | 5,909.40 |
| Costs | 350.00 |
| Total | $182,478.00 |

The government holds a first lien on the mortgaged property, is entitled to a judgment of foreclosure, and is entitled to the net proceeds of the foreclosure sale up to this amount.  I expressly determine that there is no just reason for delay and

expressly direct the entry of judgment as set out in this order. *See* Fed. R. Civ. P. 54(b).

The court reserves jurisdiction over any other issues, including any claim for attorney's fees and, depending on the results of the foreclosure sale, any claim for a deficiency judgment and any claim of any inferior lienholder to proceeds in excess of the amount owed to the government.

IT IS ORDERED:

1.  The government's summary-judgment motion, ECF No. 14, is granted.

2.  If the sum of $182,478.00, further interest from December 23, 2015, forward as provided by law, and any costs incurred by the United States Marshals Service based on this order are not paid prior to the beginning of a foreclosure sale, the Marshals Service must conduct at the Bay County Courthouse a public foreclosure sale of the property described as follows:

> THAT CERTAIN REAL ESTATE SITUATE IN BAY COUNTY, FLORIDA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEGIN 390 FEET EAST OF THE SOUTHWEST CORNER OF THE N 1/2 OF THE NE 1/4 OF THE NE 1/4 OF SECTION 10, TOWNSHIP 4 SOUTH, RANGE 14 WEST; THENCE NORTH 145 FEET; THENCE WEST 25 FEET; THENCE NORTH 63 FEET; THENCE EAST 210 FEET; THENCE SOUTH 208 FEET; THENCE WEST 185 FEET TO THE POINT OF BEGINNING, LESS AND EXCEPT: BEGIN 515 FEET EAST OF THE SOUTHWEST CORNER OF THE N 1/2 OF THE NE 1/4 OF THE NW 1/4 OF THE NE 1/4 OF SECTION 10, TOWNSHIP 4 SOUTH, RANGE 14

WEST; THENCE NORTH 208 FEET; THENCE EAST 60 FEET; THENCE SOUTH 208 FEET; THENCE WEST 60 FEET TO THE POINT OF BEGINNING.

TAX ID #: 22266 000 00

BEING ALL AND THE SAME LANDS AND PREMISES CONVEYED TO THOMAS W. ROWLANDS, SR. AND WIFE, GRACE E. ROWLANDS AND THOMAS W. ROWLANDS, JR. AND WIFE, CHRISTEA S. ROWLANDS, AS J/T/W/R/S BY BERNIECE CARTER, PERSONAL REPRESENTATIVE OF THE ESTATE OF OLEY D. SLOAN BY AND THROUGH ITS AUTHORIZED AGENT IN A PERSONAL REPRESENTATIVE'S DEED EXECUTED 3/17/1995 AND RECORDED 3/22/1995 IN BOOK 1554, PAGE 393 OF THE BAY COUNTY, FLORIDA LAND RECORDS.

3. The sale must be properly advertised and conducted under 28 U.S.C. §§ 2001 and 2002 and Florida Statutes chapter 45. Title will vest in the buyer under a United States Marshal's deed issued after the court's confirmation of the sale.

4. The government may bid at the sale and receive credit against its bid up to the amount of the debt as set out in this order. The government must advance all further costs, and if the government is not the buyer, the government will be reimbursed from the sale proceeds.

5. Any other buyer must pay 10% of the bid price by certified check or cashier's check at the time of the sale and must pay the balance by certified check or cashier's check within 24 hours after the sale.

6. The United States Marshals Service must file a report and accounting of the proceeds within 15 days after the sale. The Marshals Service must retain the proceeds until entry of an order confirming the sale and must then disburse the proceeds in accordance with the order. The Marshals Service must execute a deed upon confirmation of the sale. The buyer will be responsible for any documentary stamps or taxes attendant to the sale.

7. A further appropriate order will be entered if the proceeds of the foreclosure sale exceed the amount due on the debt secured by the mortgage. The court reserves jurisdiction for that purpose.

SO ORDERED on December 23, 2015.

s/Robert L. Hinkle
United States District Judge